UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER SPENCER,<br><br>　　　　　Defendant. | Case No.: 21-cr-147 (CKK) |

**MOTION TO CONTINUE STIPULATED TRIAL
PENDING SUPREME COURT'S RESOLUTION
OF *FISCHER v. UNITED STATES***

Christopher Spencer, through counsel, respectfully moves this Court to continue the stipulated trial hearing presently scheduled for February 21, 2024, and to stay proceedings in this matter until after the Supreme Court resolves *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). It is anticipated that Supreme Court will issue an opinion by June 2024. Therefore, a stay would not result in an unduly lengthy continuance.

The question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023).

As the Court will recall, Mr. Spencer contested 18 U.S.C. § 1512(c) (Count 1).[1] Count 1 represents the sole felony in Mr. Spencer's case and will thereby drive the stipulated trial and the

---

[1] Mr. Spencer filed a motion to dismiss the § 1512(c) obstruction count, ECF. No. 102.

recommended Guidelines sentencing range. Thus, resolution of *Fischer* will directly impact the validity of Mr. Spencer's conviction as well what sentence may be appropriate. Proceeding to the stipulated trial and later sentencing in Mr. Spencer's case will potentially prejudice him should the Supreme Court resolve *Fischer* in the defendant's favor. It will also involve the expenditure of judicial resources that ultimately may prove to have been unnecessary based on *Fischer*'s outcome. In cases like this one—where 18 U.S.C. § 1512(c) represents the sole felony count—other judges of this court have stayed sentencing hearings. *See United States v. Seitz*, 1:21CR279(DLF), Minute Order, 12/22/2023; *United States v. Zink*, 1:21CR191(JEB) Minute Order, 12/28/23 ("Given that the only felony count Defendant was convicted of was Section 1512, which will thus play a substantial role in his sentencing, the Court believes postponing such sentencing until after the Supreme Court decides *U.S. v. Fischer* is appropriate.).

Therefore, in the interests of fairness and judicial economy, Mr. Spencer requests that the Court continue the stipulated trial pending the Supreme Court's resolution of *Fischer*.

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
UBONG E. AKPAN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

**CERTIFICATE OF SERVICE**

I, Ubong E. Akpan, certify that on this 2nd day of February 2024, I caused a copy of the foregoing Motion to be filed through the Electronic Case Filing ("ECF") system and served a copy on counsel for the government through the ECF.

/s/
Ubong E. Akpan
Assistant Federal Public Defender