UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 21-cr-147-1 (CKK) |
| : | |
| CHRISTOPHER RAPHAEL SPENCER, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO STAY AND CONTINUE STIPULATED TRIAL

Defendant Christopher Spencer was a member of the riot that stormed the U.S. Capitol on January 6, 2021. He is charged with multiple criminal counts related to his conduct, including obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2). A stipulated trial on all five counts is scheduled for February 21, 2024. Spencer now seeks to continue his stipulated trial until mid-2024 because the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The resolution of *Fischer* will have no impact on the remaining four counts, or the resources expended to determine those allegations. Just whether those resources are expended sooner rather than later. The government and the public have a strong interest in the timely adjudication of this case. The Court should deny Spencer's request to delay this stipulated trial further.

**I.      Background**

Spencer has been indicted on five counts: obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count I); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count II); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count III); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count IV); and parading,

demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count V). See ECF No. 14 (Superseding Indictment).

## II. Legal Standard

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

Other courts in this district have declined to halt proceedings connected to January 6, 2021, riot at the United States Capitol based on the Supreme Court's decision to hear *Fischer*. *See, e.g., United States v. Sara Carpenter*, 21-cr-305 (JEB) (Minute Order, 12/15/2023) (declining to delay sentencing based on *Fischer*). Indeed, Judge Walton weighed in on these very issues after the Defendant moved orally to stay or continue trial based on the Supreme Court's grant of certiorari in *Fischer*. *See generally United States v. Dunfee*, Case No. 23-cr-0036 (RBW), Dec. 14, 2023 Hr'g Tr.[1] After argument by the parties, Judge Walton held as follows:

> . . . I do think that, you know, justice delayed is justice denied. Yes, it is used to a large degree in the context of a defendant having a right to have their cases resolved.

> But the Supreme Court has specifically said that the people, the government, have a right to expeditious resolution of matters also.
>
> And we are approaching almost three years since these events took place. And I think there is an interest on the part of the people and the government to have these matters resolved as expeditiously as possible. And if we were only talking about the statute at issue that was going to implicate this case, then I think I may have a different position. But since there are other statutes that also he is charged with having violated, even if the Supreme Court does reverse *Fischer*, that would not have an impact on the other offenses, if he were convicted after a trial in this case.

*Id.* at Hr'g Tr. 43-46. The same reasoning applies here. Indeed, after *Dunfee*, Judge Walton convicted the defendant of 18 U.S.C. § 1512(c)(2) and he now awaits sentencing.

Also, in *United States v. Michael Marroquin*, Case No. 23-cr-338 (JEB), Judge Boasberg denied a request for a stay pending *Fischer*, in a minute order. It reads: "Given that Defendant is charged with multiple other counts and that he will not be sentenced (if at all) before the Supreme Court decides United States v. Fischer, the Court ORDERS that his [19] Motion to Stay is DENIED." Minute Order, December 27, 2023.

In *United States v. Christopher Carnell et al.*, 23-cr-139 BAH, Judge Howell also considered these same four factors and concluded:

> the unlikely chance of defendants' success on the merits, couple with the lack of irreparable harm to defendants, compounded by the significantly strong interest of the government and the public in bringing criminal matters involving the events at the U.S. Capitol on January 6, 2021, to closure promptly and the interest of this Court to control its criminal docket in a manner that avoids delays in criminal trials due to backlogs of stayed matters, all weigh heavily against a stay.

*Carnell*, 23-cr-139 BAH, ECF No. 75, p. 7.

In *United States v. Stephanie Baez*, 21-cr-507 PLF, Judge Friedman also considered a similar motion. Following a request for the parties' positions regarding the grant of *certiorari*,

Judge Friedman ordered, "The pretrial conference and trial shall proceed as scheduled." *Baez*, 21-cr-507 PLF, Minute Order 01/18/2024.

### III. The Court Should Deny Spencer's Motion for a Continuance.

Spencer's motion for a stay should be denied. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that Spencer's 1512(c)(2) charge will be dismissed or changed. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). It is just as likely that the government's position will prevail. *See United States v. Bledsoe*, 21-cr-204-BAH, ECF No. 260, at *8-9 ("Indeed, defendant may be overly optimistic that the Supreme Court's resolution of *Fischer* may be favorable to him, where the D.C. Circuit has twice upheld, over lone dissents, the application of Section 1512(c)(2)." Even an adverse decision may not necessarily undermine the government's case, either. Speculation of this sort should not alter the calculus.

Regardless, the facts presented at a stipulated trial before the Supreme Court decides *Fischer*, will be the same facts that are presented after the Supreme Court decides *Fischer* because the facts here are undisputed. Obstruction of an official proceeding is not Spencer's only charge. He is also charged with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in

violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Regardless of the implications of *Fischer* on legal aspects of 18 U.S.C. § 1512(c)(2), the public and the government have a right to resolution of Spencer's other charges. And because the evidence on those charges overlaps with the evidence the government would use to prove the 1512 count, the resources used by the parties and this Court would be nearly the same whether the trial occurs before or after the Supreme Court's decision in *Fischer*.

Finally, if convicted of the 1512 charge, any potential irreparable injury to Spencer can be addressed via a motion to continue sentencing. It is unlikely a PSR could be prepared before the opinion in *Fischer* at this point. The potential harm is *de minimus*.

### IV.   Conclusion

Ultimately, Spencer's desire to have the Supreme Court resolve *Fisher* before his stipulated trial does not outweigh the government's or the public's interest in speedy resolution of this matter, particularly as there is a more appropriate mechanism to address this issue should Spencer be convicted at the stipulated trial. For all these reasons, Spencer's motion to stay proceedings should be denied, and the Court should proceed with the stipulated trial on February 21, 2024.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

DOUGLAS G. COLLYER
Assistant United States Attorney
NDNY Bar No. 519096
14 Durkee Street, Suite 340
Plattsburgh, NY 12901


(518) 314-7800  
douglas.collyer@usdoj.gov