UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Case No. 21-cr-147-1 (CKK) |
| v. | : | |
| | : | |
| **CHRISTOPHER RAPHAEL SPENCER,** | : | |
| | : | |
| **Defendant** | : | |

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum in connection with the above-captioned matter in support of its request for this Court to sentence Defendant Christopher Spencer to twelve months of incarceration, one year of supervised release, and $500 in restitution.

Several judges of this Court have upwardly departed in January 6 cases precisely because in a post-*Fischer* world, the advisory guideline range did not adequately take into account all of the relevant circumstances. *See United States v. Eicher*, 22-cr-38-BAH, Sent. Tr. 9/15/23 at 50 (applying § 5K2.7 because the defendant "join[ed] a mob, in the center of the melee, and through the sheer numbers and aggressive conduct towards police, breached the Capitol resulting in stopping the legitimate business of Congress for hours"); *United States v. Black*, 21-CR-127-ABJ, Sent. Tr. 5/16/23 at 27 (applying an upward departure pursuant to § 5K2.7 for a January 6 rioter).

Recently, in *United States v. Sparks*, 21-CR-87-TJK, Judge Kelly sentenced a defendant who was convicted of violating both 18 U.S.C. § 1512(c)(2) and 18 U.S.C. § 231. And, as in Spencer's case, prior to sentencing, in light of the Supreme Court's *Fischer* decision, the

1

government moved to dismiss Sparks's § 1512(c)(2) count.[1] At sentencing, Sparks faced an advisory guideline range of 15-21 months. Judge Kelly found it important that despite the dismissal of the § 1512(c)(2) count, the defendant's conduct still included "an intent to obstruct or interfere with that proceeding, that important constitutional proceeding" which the court found to be "pretty dark behavior" which "posted a threat to whether our constitutional process will proceed or whether a mob would interfere with that process." Sparks Sentencing Tr., at 87-88. The court found that the "typical person convicted of [18 U.S.C. § 231] engaged in nothing at all like the attack on the Capitol and the certification." *Id.* at 94-95. Because Sparks's advisory guideline range was driven by the § 231 conviction, that range did not "account for the defendant's intent to obstruct, not just law enforcement officers doing their duty under that statute, but a proceeding, or for the purposes of [U.S.S.G. §] 5K2.7, a governmental function. And not any proceeding, but one foundational to our country's governance." *Id.* at 93. The court found Sparks's intent to "interfere or obstruct with the electoral college vote certification . . . plays an important role in explaining why" Sparks's advisory guideline range did not fully account for his criminal conduct. *Id.* at 94. Accordingly, the court found a significant upward departure was warranted under both U.S.S.G. §§ 5K2.7 and §5K2.21, and based on the facts of that case, sentenced Sparks to 53 months of imprisonment.

Similarly, in *United States v. Robertson*, 21-CR-34-CRC, Judge Cooper resentenced a defendant after dismissal of a § 1512(c)(2) conviction post-Fischer. Without that conviction, the court determined that a new advisory guideline range of 37 to 46 months applied. *See Robertson* Sent. Tr., at 59. But the court also found that an upward departure was appropriate pursuant to U.S.S.G. § 5K2.7, because Robertson's conduct "resulted in a significant disruption of a

---

[1] The sentencing transcript is attached here as Attachment A.

governmental function, namely halting of the certification . . . and that is so regardless of whether Section 1512(c) applies." *Id.* at 61. The court also found an upward departure appropriate under U.S.S.G. § 5K2.0 because Robertson's conduct was "more harmful or egregious than the typical case represented by the otherwise applicable guideline range." *Id.* After considering the § 3553(a) factors, Judge Cooper sentenced Robertson to 72 months of imprisonment.

Because the seriousness of the defendant's crime is not adequately captured by the applicable Guideline, a sentence at the top of the guidelines is appropriate here. While the Supreme Court's decision in *Fischer* has changed the defendant's advisory Guideline range, "*Fischer* does not dictate the Court's application of the 18 U.S.C. 3553(a) factors [because] the Court may still consider [defendant's] serious conduct on January 6th, 2021 in its entirety. To reduce [defendant's] sentence . . . would require this Court to take a drastically different view of [defendant's] conduct." *United States v. Hostetter*, 21-CR-392-RCL, ECF 507, at 4-5 (cleaned up). Indeed, "*Fischer* does not mean that I cannot consider at sentencing evidence that establishes that the defendant intended to obstruct Congress' certification of the electoral vote in determining whether . . . the resulting guideline range fully accounts for the criminal conduct." *Sparks* Sentencing Tr. at 95. See also *United States v. Kelly*, 21-CR-708-RCL, ECF 151, at 5 ("Nothing about *Fischer* or any hypothetical outcome of [defendant's] appeal bears directly on the severity of his conduct on January 6th . . . . Likewise, the outcome in *Fischer* would not dictate the Court's application of the sentencing factors prescribed in 18 U.S.C. § 3553(a)"); *United States v. Jensen*, 21-CR-6-TJK, Sent. Tr. at 16 ("given the importance and the significance of the proceeding of certifying the Electoral College votes, I would vary upward -- even if this [sentencing enhancement] didn't apply, I would vary upward when considering the nature of the offense.")

The need for January 6 sentences to promote respect for the law and deter future crime is unprecedented. *See* 18 U.S.C. § 3553(a)(2)(A), (B). The January 6 rioters went far beyond merely breaking the law. "There is a difference between breaking the law and rejecting the rule of law." *See* Opening Remarks, January 6 Select Committee (Rep. Kinzinger).[2]

And the risk of another attack on the Capitol remains. "The heated and inflammatory rhetoric that brought the defendant to the District has not subsided. The lie that the election was stolen and illegitimate is still being perpetrated." *United States v. Cleveland*, 21-CR-159-ABJ Sent. Tr. at 94-95. If we are to prevent another January 6 and restore respect for the rule of law, sentences in these cases must send a message, and that message will not be conveyed by treating the January 6 riot as a run-of-the-mill offense.

Accordingly, the government recommends that this Court sentence Christopher Spencer to twelve months of imprisonment, one year supervised release and $500 in restitution.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   s/ *Douglas G. Collyer*
Assistant United States Attorney
Capitol Riot Detailee
NDNY Bar No.: 519096
14 Durkee Street, Suite 340
Plattsburgh, NY 12901
(518) 314-7800
Douglas.Collyer@usdoj.gov

---

[2] *See* https://www.cnn.com/2021/07/27/politics/read-kinzinger-remarks-0727/index.html, last visited Sept. 9, 2024.